**U.S.A. vs. Terrence Brandon Mabry**                    **Docket No. 5:18-CR-485-1FL**

### Petition for Action on Probation/Supervised Release

COMES NOW Kyle W. Fricke, Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Terrence Brandon Mabry, who, upon an earlier plea of guilty to Count 1: Conspiracy to Distribute and Possession With Intent to Distribute 500 Grams or More of Cocaine, 28 Grams or More of Cocaine Base (Crack), and a Quantity of Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), Counts 2, 11, 12, 14: Distribution of a Quantity of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), Counts 3, 13: Distribution of a Quantity of Cocaine and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2, Counts 4, 5, 6: Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), Counts 7, 9: Distribution of a Quantity of Cocaine Base (Crack) and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2, Counts 8, 10, 15: Distribution of a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), Count 16: Possession With Intent to Distribute a Quantity of Cocaine Base (Crack) and Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and Count 17: Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), was sentenced by the Honorable Louise W. Flanagan, United States District Judge, on August 24, 2022, to the custody of the Bureau of Prisons for a term of 335 months on Count 1, 240 months on Counts 2 through 16, and a term of 120 months on Count 17, all to be served concurrently. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years on Count 1 and a term of 3 years on Counts 2 through 17, all of such terms to run concurrently.

On January 17, 2025, the defendant received an Executive Grant of Clemency, from then President of the United States, Joseph R. Biden Jr., and his total sentence of imprisonment was commuted to 100 months in the Bureau of Prisons. This order left intact and in effect the term of supervised release imposed by the court with all of the conditions and components of the original sentence. Mabry was released on January 15, 2026, and supervised release commenced.

At sentencing, the defendant was ordered to the following mandatory, standard, and/or special conditions:

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MANDATORY CONDITIONS:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You shall submit to one drug test within the first 15 days of supervision and at least two periodic drug tests thereafter, as directed by the probation officer.
4. You must cooperate in the collection of DNA as directed by the probation officer.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall submit to a search, at any time, with our without a warrant, and by and law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.
2. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.
3. The defendant shall support his dependent(s).
4. The defendant shall participate in a program of mental health treatment with cognitive behavioral component and anger management component, as directed by the probation office.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING MONETARY OBLIGATIONS:**

      **Special Assessment:** $ 1,700.00

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that no changes be made to the mandatory, standard, and/or special conditions that were imposed at the time of sentencing.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the mandatory, standard, and special conditions that were imposed at the time of sentencing.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision with no changes to the original ordered mandatory, standard, and/or special conditions of supervision. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**Terrence Brandon Mabry**
**Docket No. 5:18-CR-485-1FL**
**Petition For Action**
**Page 4**

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: April 15, 2026

## ORDER OF THE COURT

Considered and ordered this ____22nd____ day of ____April_____, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
United States District Judge